UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL JONES,

on behalf of H.J,

           Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

           Defendant.

NO.  C3:14-CV-05203-BHS-JLW

REPORT AND RECOMMENDATION

## BASIC DATA

Type of benefits sought:

    (X) Supplemental Security Income – Disability, Child

Plaintiff's:

    Sex: Female

    Age: d.o.b. 2000, age 7 at application,

        9 at first ALJ hearing, 12 at second ALJ hearing

Principal Disabilities Alleged by Plaintiff:

    Attention Deficit Hyperactivity Disorder (ADHD), depression, anxiety

Disability Allegedly Began: January 1, 2006, amended to February 10, 2009

## PROCEDURAL HISTORY – ADMINISTRATIVE

REPORT AND RECOMMENDATION - 1

Before ALJ Timothy Mangrum:

    Date of Hearing: December 20, 2010

    Date of Decision: March 25, 2011

    Appears in Record at:  Decision AR 12-22, Hearing Transcript AR 32-54

    Summary of Decision:

    Claimant is a school-age child who has not engaged in substantial gainful employment since her application date. Her ADHD is a severe impairment. This impairment does not meet or medically equal a Listing. She does not have an impairment or combination of impairments that functionally equals the Listing. Claimant does not experience marked limitations in any of the six functional equivalence domains. She has no limitations in moving about and manipulating objects, caring for herself, and health and physical well-being. She has less than marked limitations in acquiring and using information, attending and completing tasks, and interacting and relating with others. Without one area of extreme limitation or two areas of marked limitations, Claimant is not disabled.

Before Appeals Council:

    Date of Decision: April 26, 2012

    Appears in Record at: 1-6

    Summary of Decision: Review Declined

Before United States District Court Magistrate Judge James P. Donohue:

    Based on stipulation of the parties, the case is reversed and remanded for further proceedings. The ALJ was ordered to conduct a new hearing, further develop the record, reconsider and provide the weight accorded to the medical source opinions in the record, reevaluate lay witness statements, reassess Plaintiff's functional limitations, and issue a new decision

Before ALJ Rebekah Ross:

    Date of Hearing: September 25, 2013

    Date of Decision:  November 7, 2013

    Appears in Record at:  Decision AR 482-497, Hearing Transcript AR 503-551

    Summary of Decision:

    Claimant is a school-age child who has not engaged in substantial gainful employment since her application date. She has the severe impairments of anxiety disorder, mood disorder, and ADHD. These impairments, alone or in combination, do not meet or medically equal a Listing. The impairments, or combination of impairments, do not functionally equal a Listing. Claimant has less than marked limitations in acquiring and using information, attending and completing tasks, interacting with others,

REPORT AND RECOMMENDATION - 2

and caring for herself. She has no limitations in moving about and manipulating objects or health and physical well-being. Because Plaintiff does not have one extreme limitation or two or more marked limitations in the functional domains, she is not disabled.

Before Appeals Council: As permitted by 20 C.F.R. § 416.1484(a) & (d), Plaintiff did not seek Appeals Council review after the ALJ decision issued on remand.

### PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

### RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

(X)  Affirm

### SUMMARY OF RECOMMENDATION

Because Plaintiff alleges she is disabled, she must show "extreme" limitation in one of the functional domains or "marked" limitations in two of the functional domains in order to equal a Listing.  There is substantial evidence to support the ALJ's finding that Plaintiff has not so established, with one exception.  The evidence shows marked limitations in interacting with others beginning in 2012. This is a portion of the period covered by her application, but relates to only one functional domain and so does not support a finding of disability without limitations in another domain.  The record includes evidence that Plaintiff had varying degrees of impairment in other functional domains.  But the ALJ did not err in relying on the testimony of the medical expert that her impairments in those domains did not rise to the marked level. Reversal is not warranted.

### STANDARD OF REVIEW

REPORT AND RECOMMENDATION - 3

Pursuant to 42 U.S.C. § 405(g), this Court must set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## EVALUATING DISABILITY

The claimant bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act establishes a three-step evaluation process to determine whether a child under the age of eighteen is disabled. *See*, 20 C.F.R. § 416.924(a). First, the Commissioner must determine if the claimant has engaged in substantial gainful activity. 20 C.F.R. § 416.924(a). If claimant has not engaged in substantial gainful activity, the Commissioner evaluates whether the claimant has a medically determinable physical and/or mental impairment, or combination of impairments, that is severe. 20 C.F.R. § 416.924(a). Without a severe impairment, the claimant is not disabled. But, upon finding a severe

REPORT AND RECOMMENDATION - 4

impairment, the Commissioner must determine if the impairment, or combination of impairments, meets, medically equals, or functionally equals a Listing. 20 C.F.R. § 416.924(a).

It is worth noting a major difference between the standards applied in determining a disability claim by a child, as contrasted with that of an adult. On a claim by a child, there is no determination as to whether the claimant can perform substantial gainful activity, by application of the Guidelines or findings as to any specific work. The inquiry ends with the application of the Listings to the child's impairment or combination of impairtments.

Functional equivalency of a child's impairments to the Listings is determined by assessing the claimant's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). These domains are assessed for "marked" or "extreme" limitations created by all medically determinable impairments. 20 C.F.R. § 416.926a(a). A marked limitation means that impairment interferes seriously with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). The limitation is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i). An extreme limitation is given to the worst limitations that interfere very seriously with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. 416.926a(e)(3)(i). Impairments that result in an extreme limitation in one, or marked limitations in two or more of these domains, are functionally equal to a Listing. 20 C.F.R. § 416.926a(d). If a claimant functionally meets a Listing, she will be found disabled if the impairments meet the durational requirement. 20 C.F.R. § 416.924(a).

REPORT AND RECOMMENDATION - 5

## ISSUES ON APPEAL

1. Is the ALJ's functional equivalency determination supported by substantial evidence?

## DISCUSSION

To reach a decision, the ALJ considered the many lay opinions in the record, including those of mental health providers Mycah Wittinger, M.A., and Angela Han, A.R.N.P., and Plaintiff's teachers and parents. Evidence from these non-medical sources "who know and have contact with the child can also be very important to our understanding of the severity of a child's impairment(s) and how it affects day-to-day functioning. These sources include parents and caregivers, educational personnel…public and private social welfare agency personnel, and others." SSR 09-2p. The ALJ must provide germane reasons for rejecting the opinions of these lay witnesses. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223-4 (9th Cir. 2010). In addition to these lay witnesses, the ALJ also relied upon the medical witness testimony from John Simonds, M.D., an expert in child psychiatry. AR 489, 797. Although not entitled to the deference due to the opinion of a treating or examining physician, the opinion of a non-examining medical expert may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

ALJ Ross determined that Plaintiff has less than marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for herself, and no limitations in moving about and manipulating objects or health and physical well-being. Plaintiff assigns error to the findings concerning the domains of attending and completing tasks, interacting and relating with others, and caring for herself. Plaintiff does

not challenge the findings relating to acquiring and using information, manipulating objects, and health and physical well-being.

### I.        Attending and Completing Tasks

The domain of attending and completing tasks concerns the child's ability to focus and maintain attention, and begin, carry through, and finish activities, including the pace of performance and ease of transitions. 20 C.F.R. § 416.926a(h). Limitations in this domain may exist if the child is easily startled, distracted, or overreactive to sounds, sights, movements, or touch; is slow to focus on, or fails to complete activities of interest, repeatedly becomes sidetracked from activities or frequently interrupts others; is easily frustrated and gives up on tasks; requires extra supervision to keep engaged in an activity. 20 C.F.R. §§ 146.926a(h)(3)(i)-(v). The ALJ found that Plaintiff had less than marked limitations in attending and completing tasks based on "her school performance, teachers' opinions, opinion of Dr. Simonds, and lack of an opinion from her treating provider." AR 492. Plaintiff contends that none of these reasons is supported by substantial evidence.

Mycah Wittinger, M.A., Plaintiff's long term therapist, specifically gave no opinion as to limitations in attending and completing tasks, stating that she was unaware of Plaintiff's performance in this area. AR 794. Dr. John Simonds, testified that Plaintiff had less than marked limitations in this domain. AR 540. He relied on the lay evidence given by many of her teachers. "[T]he teachers seemed to think that she didn't have any major problems with maintaining attention at school for her subjects." AR 541. This medical expert opinion is supported by the evidence in the record.

Plaintiff's teachers submitted evaluations of her performance at school. Her second and fifth grade teachers assessed her as having slight problems in attending and completing tasks.

REPORT AND RECOMMENDATION - 7

AR 171, 658. Her third grade teacher reported that she had no problems in this domain, but also noted that she is very distractible. AR 188-9.

In contrast to these opinions, teacher Scott Shafer wrote a letter in December 2010 which stated that Plaintiff "has difficulty completing her assignments and is distractible. She will fixate on something that is distressing to her, and once that occurs it is difficult to refocus her attention." AR 204. The ALJ acknowledged this statement, but gave the opinion less weight because Mr. Shafer had only taught and observed Plaintiff for four months and she "had recently transferred schools, moved, and experienced a brief bout of homelessness as indicated in her counseling records. Accordingly, it is understandable that her school performance would have suffered at this point." AR 490. The record supports that Plaintiff had recently moved and chanced prior to entering Mr. Shafer's class. AR 715. This instability, and the potential impact on Plaintiff's school performance, is a germane reason for assigning less weight to Mr. Shafer's opinion.

Given the record, the ALJ had substantial evidence to support the conclusion that Plaintiff had less than marked impairment in attending and completing tasks. The majority of her teachers assessed slight impairment, which was reinforced by the consulting medical expert. The one teacher who expressed greater concerns about Plaintiff's ability to complete tasks assessed her during adjustment after a move to a new school that could reasonably have negatively and temporarily impacted her school attention.

II.     Caring for Herself

The domain of caring for yourself entails maintaining a healthy emotional and physical state, including appropriately meeting physical and emotional wants and needs, coping with stress and changes, and caring of health, possessions, and living area. 20 C.F.R. § 416.926a(k). Limitations in this domain are shown by inappropriate personal hygiene, self-injurious

REPORT AND RECOMMENDATION - 8

behavior including suicidal thoughts or actions or self-inflicted injury, disturbances in eating or sleep patterns, and inability to spontaneously pursue enjoyable activities. 20 C.F.R. §§416.926a(k)(3)(iii)-(vi). The ALJ found less than marked limitations in this domain based on Dr. Simond's opinion and Ms. Wittinger's treatment notes. AR 495. Plaintiff contends that her poor hygiene, self-injurious behavior, suicidal thoughts, and sleep disturbances reflect marked impairment in her ability to care for herself.

The record contains reports of admitted self-injury. In August 2011, Plaintiff admitted to having cut herself with a razor. AR 702. In August 2013, she reported that her last incident of self-harm was in January 2013. AR 801. She admitted that she used cutting to cope with her mood, not end her life. AR 878. But, she also told the psychiatrist that she wanted to stop the self-harm behavior. AR 878. Plaintiff's parents believe that the instances of self-harm and verbalized suicidal ideation are often linked to disappointments related to her biological mother. AR 873. Plaintiff's parents also reported that Plaintiff had erratic sleep patterns and overate for comfort. AR 873-4, 527. They also expressed concerns about her poor hygiene. AR 855, 518-19, 527.

At the administrative hearing, Dr. Simonds testified that he did not find that Plaintiff's behavior reflected marked limitations in her ability to care for herself. Despite listening to testimony from Plaintiff's father and step-father about her difficulties with showering, teeth brushing and other hygiene, Dr. Simond's stated that "she certainly was capable of grooming, taking care of herself." AR 542.  This is supported by a February 2013 assessment from Good Samaritan Behavior Healthcare. During that evaluation, Plaintiff's father reported that she had difficulties with her teeth and hair; Plaintiff reported, "I don't think about, I am usually in a hurry." AR 855.  The evaluating mental health provider rated Plaintiff as only mildly impaired

in her ability to care for herself. AR 855. She seems able to perform her own basic hygiene when reminded. AR 518, 527.

Dr. Simond's also did not find Plaintiff's admitted self-injury through cutting to be a serious problem. He testified that cutting is "a very common symptom among girls in their young years and adolescent years associated with child and adolescent psychiatry, he would consider cutting serious if stitches were required or the behavior occurred daily for a long period of time. AR 547. He considered Plaintiff's cutting a problem, but not severe enough to be a marked. AR 548. This is supported by the record with only a few mentions of self-injury. Furthermore, Plaintiff expressed that she cut to deal with her moods, not permanently injure or end her life. She did not want to end up in the hospital due to her cutting. AR 878.

Plaintiff's record reflects issues with poor hygiene, cutting, and sleep disturbances. Dr. Simond's testimony acknowledged that Plaintiff had difficulties with self care, but concluded that they were not serious enough to be marked. Given Dr. Simond's expertise in child psychiatry and the record, the ALJ did not err in find Plaintiff had less than marked impairments in her ability to care for herself.

   III.  <u>Interacting and Relating with Others</u>

The domain of interacting and relating with others concerns how well a child initiates and sustains emotional connections with others, develops and uses the language of her community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. 20 C.F.R. § 416.926a(i). Limitations in this area include a lack of close friends, friends who are all older or younger, withdrawing from people, anxiety or fear of meeting new people or trying new experiences, difficulty playing games or sports with rules, and difficulty communicating with others. 20 C.F.R. §§ 416.926a(i)(3)(ii)-(v). Despite these findings, the ALJ determined that "the totality of the treatment record does

REPORT AND RECOMMENDATION - 10

not support that the claimant has a marked limitation in this domain until after her move to Seattle." AR 493. The Plaintiff contends that the ALJ's findings are not supported by substantial evidence because the record shows that she had no lasting friendships, socialized with younger children, withdrew from her family, did not play well at recess, and had physical altercations with others.

The ALJ noted that Plaintiff's therapist, Ms. Wittinger opined that Plaintiff had marked limitations in interacting and relating with others, and that treatment notes show periods of "intense symptomology." AR 493. But, the ALJ stated that, "the claimant's periods of more intense symptomology occurred during temporary periods of increased family stress." AR 493. The evidence supports this finding. Her mental health providers all acknowledge the link between family stress and an elevation in Plaintiff's mental health symptoms. In December 2010, Ms. Wittinger opined that Plaintiff's "negative behavior seems to escalate or decrease depending on the level of chaos present in her home environment." AR 791. Angela Han, ARNP made a similar assessment in October 2011, saying that Plaintiff "has ongoing moodiness and anger problem due to family chaos and poor coping skills." AR 699.

This pattern is borne out by the record. For example, in May 2008, Plaintiff's parents were involved in a contentious divorce including restraining orders and accusations of assault. AR 325. At this time, Plaintiff had conflict with a girl at school. AR 325. She was also suspended twice in June 2008—because she hit a classmate in the mouth and then slapped her teacher on the arm. AR 259, 260. Similarly, in February of 2013, Plaintiff's therapist noted that she had not seen her mother since early December. AR 854. Her therapist's notes reflect that Plaintiff gets very angry when her plans fall through with her mother and then pushes boundaries with her father and step-mother. AR 854. Around this same time, Plaintiff received

in-house suspension for a fight with a girl at school (AR 854) and hit a boy on the bus. AR 668.

Plaintiff's ability to interact and relate with others appears to vacillate with the stress in her life. The instances of behavioral problems at school increase when her treatment records reflect significant family stress. Regardless of the reasons for the symptomology, Dr. Simonds noted an increase in interpersonal interactions difficulties in 2012 which raised Plaintiff to a level of marked impairment. AR 541. In 2012, Plaintiff had several suspensions and incidents with classmates, including multiple instances of bullying her peers. AR 733, 730, 739. As seen above, these problems continued in 2013. AR 854, 668. The ALJ acknowledged the increased interpersonal problems, but still found Plaintiff's limitations less than marked. Dr. Simonds' testimony and the evidence contradict this. The record supports marked limitations in this functional domain beginning in 2012. The ALJ's finding that Plaintiff experienced less than marked limitations in her ability to interact and relate to others beginning in 2012 is not supported by substantial evidence, and is therefore error. However, the error is harmless. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Child disability requires marked limitations in two domains of functioning. 20 C.F.R. § 416.926a(a). Given the record, the Plaintiff only demonstrates marked limitations in one domain, and only starting in 2012.

## CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the case DISMISSED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the

Court's consideration. Failure to file objections within the specified time may affect a party's right to appeal.

If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 19th day of November, 2014.

JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13